TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00402-CV






Dan B. Uzzell, Appellant


v.


Jasper T. Roe, in his capacity as the Trustor and Primary Beneficiary of the Jasper T. Roe
Irrevocable Trust, Appellee






FROM PROBATE COURT NO. 1, TRAVIS COUNTY

NO. 82,286, HONORABLE GUY S. HERMAN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N

 Dan B. Uzzell appeals from an order terminating the Jasper T. Roe Irrevocable Trust
and ordering the trust assets delivered to Jasper T. Roe. By two issues, Uzzell complains that the
termination order was error because (1) it was barred by the doctrines of res judicata or collateral
estoppel, and (2) the evidence supporting the termination order was legally or factually insufficient. 
We will affirm the probate court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 In September 2003, Roe signed a document titled Declaration of Irrevocable Trust
wherein he assigned his real and personal property in trust to Uzzell as trustee. The terms of the trust
provided that, as trustee, Uzzell was to "receive and hold said property, together with any additions
thereto, in trust for the use and benefit of: Jasper T. Roe and Dan B. Uzzell." In October 2003, Roe
filed an application for temporary restraining order and injunctive relief in Tarrant County probate
court seeking to enjoin Uzzell from effecting any transaction that could affect the assets of the trust,
and from transferring any of Roe's remaining assets into the trust. Roe's petition also sought
termination of the trust. In his pleadings, Roe stated that he was an eighty-eight year old retired
military officer. Roe alleged that in September 2003, Uzzell, Roe's former stepson, contacted him
and told him that they needed to go to the local branch of Bank One of Texas in order for Roe to sign
documents before a notary public. Roe alleged that he was hard of hearing with poor eyesight, and
that Uzzell never explained either the nature of the documents to be signed or their purpose. The
irrevocable trust document that Roe signed at Uzzell's urging was drafted by Uzzell and made Uzzell
both the trustee and a beneficiary of the trust. The trust provided that Uzzell would receive
compensation for serving as trustee and made no provision for the disposition of the trust assets upon
Roe's death. 

 In his petition for termination of the trust, Roe stated that once he was advised by
legal counsel regarding the consequences of having executed the trust document, in particular the
fact that his assets were under Uzzell's control, he desired to terminate the trust. Roe sought to have
the trust terminated so that his assets could be returned to him and ultimately distributed in
accordance with his will, of which Uzzell is not a beneficiary. Uzzell's whereabouts at that time,
however, were unknown, and Roe ultimately was required to serve him with citation by publication.

 In November 2003, the Tarrant County probate court signed a temporary injunction
prohibiting Uzzell from effecting any transaction that could affect the trust assets or assets belonging
to Roe that had not yet been transferred into the trust. In December 2004, on Uzzell's motion, the
case was transferred to Travis County probate court.


 While the termination suit was still pending in Tarrant County probate court, Machine
Tool Leasing, Inc. and Adrian Gonzalez sued Uzzell, Roe, and the Jasper T. Roe Trust in Cameron
County district court. It appears from the present record that Machine Tool and Gonzalez sued to
recover $10,150 they gave to Uzzell to purchase machinery on their behalf. Uzzell deposited the
funds in the Jasper T. Roe Irrevocable Trust and, when the trust was frozen, apparently was unable
to withdraw funds to either purchase the machinery or refund the money. In May 2004, Roe filed
an answer in the suit wherein he described the circumstances leading to the formation of the trust and
stated that Uzzell had "confiscated [Roe's] assets and is holding them for his own benefit." Roe
further stated that the trust was frozen by order of the Tarrant County probate court and that, in the
event he recovered the trust assets and Uzzell had actually deposited Machine Tool's and Gonzalez's
money in the trust, he would return that money to them. Roe requested that the court dismiss him
from the Cameron County suit.

 In June 2005, the Cameron County district court signed an order wherein it found that
Roe, while competent to do so, had established a valid trust with Uzzell as the sole trustee. The
court further found that Uzzell "conducted the affairs of the trust in a proper manner" and that, while
doing so, Uzzell deposited Machine Tool's and Gonzalez's funds in the trust. The court found that
Roe had wrongfully frozen the trust assets, ordered that the assets be turned over to Uzzell, and
ordered the trust to return the money belonging to Machine Tool and Gonzalez and pay their
attorneys' fees. (1) The Cameron County district court issued two turnover orders to the bank holding
the trust assets, but the record contains no further information regarding the Cameron County suit.

 In February 2006, the Travis County probate court conducted a hearing on Roe's
petition to terminate the trust. Counsel for Roe and Uzzell appeared, but Uzzell did not. Roe was
unable to attend the hearing due to infirmity. Counsel for Roe introduced exhibits and also testified
without objection regarding Uzzell's breaches of his fiduciary duty to Roe as trustee of the trust
including his failure, despite repeated requests, to provide an accounting or any information
regarding the status of the trust assets. Counsel for Roe testified to his inability to contact Uzzell
to obtain discovery in the proceeding and regarding Uzzell's failure to appear at a scheduled
deposition and mediation. Counsel for Roe also testified that Uzzell had wholly failed to
communicate with Roe regarding the trust and that Uzzell had no involvement with Roe whatsoever. 
Counsel for Roe further testified that the trust document was written by Uzzell, that it made Uzzell
both the beneficiary and trustee of the trust, and that Roe did not understand the nature or purpose
of the document he signed at Uzzell's instruction. 

 At the conclusion of the hearing, the Travis County probate court found that Uzzell
had breached his fiduciary duty as trustee of the Jasper T. Roe Irrevocable Trust and also found that
Uzzell committed fraud on Roe by instructing him to sign the trust document without explaining to
Roe the consequences thereof. The probate court signed an order terminating the trust and ordering
the trust assets returned to Roe. The court further ordered that, upon Roe's death, Uzzell had no
interest in Roe's estate unless Roe provided for that in his last will and testament. Uzzell appeals
from the termination order, contending in two issues that the termination order was barred by res
judicata or collateral estoppel and is not supported by legally or factually sufficient evidence.


DISCUSSION

Res Judicata

 In his first issue, Uzzell contends the doctrines of res judicata and collateral estoppel
bar termination of the trust. Specifically, Uzzell maintains that the Cameron County district court
had previously signed an order finding that Roe was competent when he executed the trust, that the
trust was valid, that Uzzell was the trustee, and that Uzzell had acted in a proper manner as trustee. 
Uzzell argues that as a consequence of the Cameron County district court's order, Roe was barred
from seeking to terminate the trust. We disagree. 

 First, Uzzell waived his right to raise these defenses by failing to affirmatively plead
them in the trial court. The doctrines of collateral estoppel and res judicata are affirmative defenses
that are waived unless affirmatively pleaded. Tex. R. Civ. P. 94; Domel v. City of Georgetown,
6 S.W.3d 349, 353 (Tex. App.--Austin 1999, pet. denied); Steel v. Rhone Poulenc, Inc.,
962 S.W.2d 613, 617 (Tex. App.--Houston [1st Dist.] 1997), aff'd, 997 S.W.2d 217 (Tex. 1999). 
To prevail on the affirmative defense of collateral estoppel, the movant has the burden of proving
that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first
action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast
as adversaries in the first action. Sysco Food Serv., Inc. v. Trapnell, 890 S.W.2d 796, 802 (Tex.
1994). In order to establish res judicata, the movant must prove the existence of (1) a prior final
judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity
with them; and (3) a second action based on claims that were raised or could have been raised in the
first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). Uzzell failed to
affirmatively plead these defenses. Moreover, no evidence or testimony regarding the Cameron
County judgment was introduced at the hearing on the motion to terminate the trust; therefore, the
issue was not tried by consent. While Uzzell did file a motion for summary judgment attaching the
Cameron County judgment as an exhibit, he cannot rely on summary judgment exhibits that were
not admitted into evidence at trial to raise unpleaded affirmative defenses or prove required elements
of those defenses. Uzzell offered no evidence at the termination hearing supporting his present
assertion that the Cameron County district court had disposed of the issues before the probate court,
or that the issue of whether the trust should be terminated was barred by either collateral estoppel
or res judicata.

 Furthermore, absent waiver, neither res judicata nor collateral estoppel would serve
as a bar to the termination order here. The issue in the Cameron County proceeding was whether
Roe had established a valid trust. Conversely, the issue before the Travis County probate court was
whether the trust should be terminated due to breaches of fiduciary duty and fraud on Uzzell's part.
While the Cameron County district court found generally that Uzzell had "conducted the affairs of
the trust in a proper manner," the order, signed on June 29, 2005, does not address conduct that
occurred after that date, which included Uzzell's continuing breach of his fiduciary duties to Roe by
failing to provide an accounting in the face of numerous requests and wholly failing to communicate
with Roe, one of the beneficiaries of the trust. The Cameron County district court's order stated that
Roe, while competent to do so, established the trust, and that Uzzell, during some unidentified time
period, conducted the affairs of the trust in a proper manner. This, however, did not preclude the
Travis County probate court's subsequent conclusion that there had been sufficient breaches of
fiduciary duty and fraud to justify terminating the trust. We overrule Uzzell's first issue.


Sufficiency of the Evidence

 By his second issue, Uzzell complains that there is legally or factually insufficient
evidence to support the termination order. In a legal sufficiency challenge, we must determine
whether the evidence at trial would enable a reasonable and fair-minded fact finder to reach the
decision under review. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). We review the
evidence in the light most favorable to the challenged finding, crediting favorable evidence if a
reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could
not. Id. at 821-22, 827. We sustain a legal sufficiency challenge when (1) there is a complete
absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the
only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more
than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. 
Id. at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge, we consider and
weigh all the evidence in the record, both in support of and against the finding, and set aside a
finding only if the evidence that supports it is so weak or so against the great weight and
preponderance of the evidence that it is clearly wrong and manifestly unjust. Dow Chem. Co.
v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

 Having reviewed the evidence presented at the hearing on the termination motion, we
conclude that there was legally sufficient evidence to support the termination order. Counsel for Roe
testified that Roe and Roe's friends told him that Uzzell, Roe's former stepson, took Roe, who was
then eighty-eight years old, to the bank to execute some "necessary" documents. Counsel for Roe
testified that Roe told him that "Uzzell came by and got him and said you need to go to the bank and
sign some documents." Counsel for Roe testified that Roe told him he never knew what he was
signing, and that no one ever explained the effect of the documents he was told to sign. Counsel for
Roe further testified that Uzzell, though asked repeatedly, failed and refused to provide an account
of the trust transactions as required by statute. (2) See Tex. Prop. Code Ann. § 113.151 (West 2007). 
This constituted a breach of Uzzell's fiduciary duty to Roe to fully disclose all material facts about
the trust. See Huie v. DeShazo, 922 S.W.2d 920, 923 (Tex. 1995). Uzzell further breached that duty
by wholly failing to communicate with Roe and avoiding any attempts by counsel for Roe to
discover information about the trust during the pendency of this action. The evidence presented was
sufficient to enable the probate court to reach its findings regarding Uzzell's breaches of his fiduciary
duty to, and fraud upon, Roe in support of the termination order.

 The evidence presented is also factually sufficient to support the termination order. 
Uzzell has not met his burden of establishing that, considering evidence both for and against the
probate court's findings, the order terminating the trust is so weak as to be clearly wrong and
manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Uzzell did not attend the
hearing, and his attorney did not present evidence to contradict the evidence of breaches of fiduciary
duty and fraud introduced by counsel for Roe. Examining all the evidence presented at the hearing,
we conclude that it is not so weak or the probate court's findings so against the great weight and
preponderance of the evidence as to render the termination order clearly wrong and manifestly
unjust. See Dow Chem. Corp., 46 S.W.3d at 242. We overrule Uzzell's second issue.


CONCLUSION

 We conclude that Uzzell waived the affirmative defenses of collateral estoppel and
res judicata by failing to affirmatively plead them, and even if not waived, these doctrines do not bar
the probate court's termination order. We further conclude that the evidence presented at the
termination hearing was factually and legally sufficient to support the probate court's order. 
Consequently, we overrule Uzzell's two issues and affirm the probate court's order terminating the
Jasper T. Roe Irrevocable Trust.


 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: July 8, 2009
1. It is not apparent from the record whether Roe or his counsel participated in the
proceedings resulting in this order.
2. Counsel for Uzzell lodged no objection to these hearsay statements. On appeal, Uzzell
contends that this testimony is inadmissible hearsay evidence that lacks any probative value even
though admitted without objection. Uzzell is incorrect. See Tex. R. Evid. 802 ("Inadmissible
hearsay admitted without objection shall not be denied probative value merely because it is
hearsay.").